**FILED - GR**
April 8, 2020 11:32 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: tlb SCANNED BY: TB 4/8/20

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**VENTRON LOTT, MDOC 593524**
Plaintiff,

v

**ERICA HUSS,** Warden, (MBP);
**Meeden**, Mental Health, (MBP);
**Catherine Lynch,** R.N. (MBP);
**Brenda James**, R.N. (MBP);
**J. Bolton**, Staff, (MBP);
**(Unknown First Name) Torrington**, P.C. (MBP).

In their individual capacities, Jointly and Severally,
Defendants.

CASE N **2:20-cv-44**
**Paul L. Maloney - U.S. District Judge**
**Maarten Vermaat - Magistrate Judge**

JUDGE

* * * * * * * *

***JURY DEMAND***
***Endorsed Herein***

## COMPLAINT UNDER 42 U.S.C. § 1983

### I. INTRODUCTION

1. PLAINTIFF, VENTRON LOTT (a prisoner with the Michigan Department of Corrections) brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 to remedy the deprivation of rights secured by the UNITED STATES CONSTITUTION, Eighth and Fourteenth Amendments, and Michigan State law. This claim Complaint sets forth Eighth Amendment deliberate indifference claims under 42 U.S.C. § 1983

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3), 42 U.S.C. §§ 12132-12165, 42 U.S.C. §§ 1985, 1986, 29 U.S.C §§ 504, 794 PLAINTIFF also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and injunctive relief. Pursuant to 28 U.S.C. §§ 1391(b)(2),

3. This venue is proper in the United States District Court for the Western District of Michigan because the events giving rise to this claim occurred at the Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855, which is located within the Western District of Michigan.

## III. PARTIES

4. PLAINTIFF, **Ventron Lott**, a person of full age of majority, was at all relevant times confined with the Michigan Department of Corrections (MDOC).

5. Defendant **Erica Huss, Warden (MBP);** a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as the Warden assigned to Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855. Is sued in his and/or her individual and official capacities.

6. Defendant **Meeten, Mental Health (MBP);** a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as a Mental Health Doctor assigned to Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855Is sued in his and/or her individual and official capacities.

**7.** Defendant **Catherine Lynch,** R.N. (MBP); a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as a Registered Nurse assigned to Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855. Is sued in his and/or her individual and official capacities.

**8.** Defendant **Brenda James**, R.N. (MBP); a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as a Registered Nurse assigned to the Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855. ~~49444.~~ Is sued in his and/or her individual and official capacities.

**9.** Defendant **(unknown First Name) Bolton, Staff, (MBP);** a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as a Staff Member at the Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855. Is sued in his and/or her individual and official capacities.

**10.** Defendant, (Unknown First Name) **Torrington, P.C. (MBP)** a person of full age of majority, upon the information and belief, is a citizen of the United States, State of Michigan, who was at all relevant times employed by the Michigan Department of Corrections as the Prison Counselor assigned to the Marquette Brach Prison, 1960 U.S. Highway 41 South Marquette, Michigan 49855. Is sued in his and/or her individual and official capacities.

**11.** All defendants, all of them, were, at all times relevant hereto, "persons," employees, and/or agents, and/or representatives of the State of Michigan, and the MDOC who performed duties and responsibilities, acting pursuant to and "under the color of state law".

## IV. Exhaustion of Administrative Remedies

*12.* PLAINTIFF has exhausted all administrative and state remedies with respect to all claims and all defendants. (See Exhibits A-F); ***MDOC Grievance Identifier # MBP-1906-0843-01Z***

## V. Statement Of Facts

### *Deliberate Indifference / Gross Negligence Claims*

**13.** PLAINTIFF asserts that on 4-18-2019 on the 3rd shift and after taken his meds, an officer was doing his rounds and brought PLAINTIFF a cord for his CPAP breathing machine.

**14.** PLAINTIFF was too physically weak and unable to get up and maintain his balance at that time. PLAINTIFF repeatedly kept falling and PLAINTIFFS speech was slurred.

**15.** The Officer did place PLAINTIFF in a wheel chair and transported PLAINTIFF to the medical unit in the prison for a urgent care medical evaluation.

**16.** Defendant Lynch, R.N. received PLAINTIFF for triage and evaluation and called N.P Samulson. PLAINTIFF was sent to the local hospital for treatment.

**17.** The ER staff did a Medical history review and medical evaluation to properly evaluate PLAINTIFF condition.

**18.** At the ER, the PLAINTIFF denied having any seizure activity and reported that he was having issues regarding the side-effects of his medication (Geodin) for three months prior.

**19.** That PLAINTIFF did report to the ER that he has made several attempts to kite and notify the Mental Health Doctor regarding the side-effects he was/is currently having for the last 3 months.

**20.** The ER Staff did perform a blood analysis and found that PLAINTIFF's Medication levels were consistent with the medications being taken and further, that a drug blood screen was also performed and found that PLAINTIFF was NEGATIVE for any illegal or illicit drugs in his system.. (See attached Hospital Medical Report, Exhibit G)

21. That because there was no further evidence of underlying illicit drug use, the ER Physician then ordered a CAT Scan to rule out the presence of a TIA (Transient Ischemic Attack) or Cerebral Stroke.

22. That the CAT scan findings revealed some nerve damage most likely linked to the use of the medication (Geodin). (See attached Hospital Medical Report, Exhibit G)

23. That after PLAINTIFF was released from the Hospital, 3 weeks later PLAINTIFF received a NOI (Notice of Intent) stating he was being charged with the cost of the hospital bill because the MDOC Health Staff had postulated that PLAINTIFFs medical condition was caused by (self-injurious behavior) in direct documented opposition to the treating E-R Doctors Diagnosis, that it was most likely the cause of the medication (Geodin) that caused PLAINTIFFS dizziness and slurred speech. (See attached Hospital Medical Report)

24. That PLAINTIFF did request a hearing and explain to them that PLAINTIFF did take his medications as directed. Defendants presented not one scintilla of evidence to justify such an extreme leap to speculations and unreasoned excuses to shift blame and assign the financial liability of the Hospital bill onto PLAINTIFF.

25. That the PLAINTIFF asserts that he is, as prisoner responsible for the 5.00 dollar co-pay for the visit. That the Co-pay does as part of the overall insurance scheme that the legislation enacted to suppress any frivolous medical claims by those prisoners.

26. PLAINTIFF also asserts that the Emergency Room Doctor is a higher medical control authority than that of the Nurse Practitioner and is not authorized to overrule a Doctor of Medicine and his diagnosis of his patient. That such action by a Non-Doctor is operating outside their scope of practice and is not lawful.

27. In that the delegation of authority act does allow the powers and practice of a Nurse Practitioner to operate with some independence but only under the license of a medical doctor and state county medical authority. PLAINTIFF asserts that such powers do not allow the counter-diagnosis to override a doctors authority and or diagnosis.

28. That during the NOI hearing I was charged wilH a hospital bill for $ 2,460.84.

29. That PLAINTIFF did show the PC the hospital paperwork and he told me to write a grievance.

30. PLAINTIFF did write a grievance and exhausted his state remedies.

31. Defendant Lynch stated to me that she never seen me take any pills wrong and that she did not know why they are saying that.

32. That the Defendants did place on hold, PLAINTIFFS account and is forced to pay causing PLAINTIFF harm and hardship by not being able to phone my family or buy healthcare items, because PLAINTIFF is now indigent.

33. That Meeten was informed about the problems that have happened to PLAINTIFF regarding his Geodin dosage and he agreed and lowered PLAINFFs medication levels down from 80 mg BID twice a Day) to 6 mg Bid and now adjusted it to the current dosing of 40mg BID. Lending credibility to The ER Physicians and PLAINTIFFs claims that his medication Geodin was the major factor of PLAINTIFFs presentation of side effects

34. PLAINTIFF asserts Meeten along with the MDOC medical staff ( Defendant RN's ) was deliberately indifferent to PLAINTIFF's serious medical needs.

## VI.

### Violation of the United States Constitution
### Violations of the
### Eighth and Fourteenth Amendments
### (42 U.S.C. § 1983)

35. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

36. At all times relevant hereto, pursuant to the Eighth Amendment to the United States Constitution, as made applicable to the state by the Fourteenth Amendment, and by Federal law,

Plaintiff enjoyed the clearly established right to free from cruel and unusual punishment, i.e., the deliberate indifference to his serious medical needs.

**37.** At all times relevant hereto, defendants, all of them, were acting within the scope of their authority and duties, under color of law. And therefore owed PLAINTIFF the duty to act with reasonable care and in his best interest so as not to endanger or cause him any harm.

**38.** In that PC Torrington did so violated and PLAINTIFF now claims that his constitutional rights under the 5th, 8th, and 14th Amendment rights by not acting to remove PLAINTIFF hold on his accounts and unlawfully assigning the Hospital bill to PLAINTIFF without just cause.

**39.** In that, C. Lych R.N. failed to protect PLAINTIFF constitutional right by standing moot and refusing to provide any statement to her witnessing PLAINTIFFs conduct as a proper defense violating PLAINTIFFs 5th, 8th, and 14th Amendment rights.

**40.** In that, Brenda James, R.N. Nurse manager did fail to follow up on PLAINTIFFs claims and paperwork and allowed the NOI to proceed as written by health care did violate PLAINTIFFs 5th, 8th, and 14th Amendment rights.

**41.** In that Erica Huss, Warden Through her investigation in the NOI refused to apply any proper cause to assign the financial burden to PLAINTIFF unlawfully did so and violated PLAINTIFFs 5th, 8th, and 14th Amendment rights

**42.** Meeten violated PLAINTIFFs constitutional right through deliberate indifference by refusing to adjust and answer any of PLAINTIFF kite and pleas for help regarding the dosage and usage of the medication Geodin, PLAINTIFF asserts that Dr. Meeten violated his 8th, and 14th Amendment rights.

**43.** At all times relevant hereto, by their foregoing conduct, defendants, all of them, acted with malice, recklessness, and/or a callous, deliberate indifference.

**44.** Pursuant to Michigan Compiled Laws § 691.1407(2), the breach of these defendant's duties to

exercise reasonable care , and comply with the MDOC policy Directives and medical protocols was clearly reckless, callous and amounted to gross negligence.

**45.** Defendants knew, and/or should have known, that the breach of their clear duties, as alleged above, would and/or reasonable could result in serious risk of physical harm and unnecessary pain and suffering to PLAINTIFF.

**46.** The breach of these defendants' duties, as alleged above, was the direct and proximate cause of PLAINTIFF'S suffering, deformations, and pain.

**47.** As a direct and proximate result of defendants' grossly and/or actions, PLAINTIFF suffer non-*minimis* physical injury, pain and suffering and other damages. Therefore PLAINTIFF seeks economic and non-economic compensatory, punitive, and presumed damages.

## VII. RELIEF REQUESTED

**WHEREFORE**, for the allegations alleged herein, PLAINTIFF, VENTRON LOTT, request judgment from this Court for compensatory damages against MDOC officers together with interest, punitive, presumed, and exemplary damages, and any fees and costs that may be applicable in this action in the amount which is fair, just, and reasonable and in the excess of **$ 12,000.00**.
An further, that this honorable court order the health care cost associated with this claim be properly removed from the PLAINTIFFs Financial Obligations.

## VIII. PREVIOUS ACTIONS

*NONE LOCATED*

## IX. DEMAND FOR JURY

**48.** Pursuant to rule 38(B) of the Federal Rules of Civil Procedures, PLAINTIFF hereby demands a trial by jury in this action of any and all issues so triable.

## X. VERIFICATION

I , the undersigned, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, information and belief.

**Respectfully Submitted,**

Date: 4/2/20

Ventron Lott 593524
*Pro se* Prisoner-Plaintiff
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI. 48846

Ventron Lott 593524
Ionia Correctional Facility
1576 W. Bluewater Hwy
Ionia, MI 48846

UNITED STATES POSTAL SERVICE®

USPS TRACKING #

9114 9999 9170 3102 9849 06

Label 400 Jan. 2013

Clerk of
United States Dis
Western District of
399 Federal
110 Michigan
Grand Rapi

U.S. POSTAGE PITNEY BOWES
ZIP 48846 $ 008.25⁰
02 4W
0000344141 APR 03 2020

the Court
trict Court
Michigan Southern Division
Building
St. NW
ds, MI 49503